UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, A CONNECTICUT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>COYLE/RENO JOINT VENTURE, et al.,<br><br>Defendants. | Case No.17-cv-03141-JSC<br><br>**ORDER RE: MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 56 |

Plaintiff Travelers Casualty and Surety Company of America ("Travelers") filed this action seeking to enforce surety indemnity agreements with Defendants Coyle Residential, Inc. and Patrick Coyle (collectively "Coyle"), Reno Contracting, Inc. and Matthew Reno (collectively "Reno"), and Coyle/Reno Joint Venture, a California General Partnership ("Coyle/Reno"). Coyle answered the complaint and cross-claimed against Reno based on a Defense and Indemnity Agreement between Coyle and Reno. The Court previously granted summary judgment in favor of Traveler's finding that Defendants breached their contract to indemnify and hold Travelers harmless from all losses under the parties' indemnity agreements.[1] (Dkt. No. 47.) Coyle has now moved for summary judgment against Reno seeking to enforce their indemnity agreement. (Dkt. No. 56.) Reno has not filed an opposition to the motion. Having considered the briefs and the relevant legal authorities, and having had the benefit of oral argument on September 13, 2018, the Court GRANTS the motion for summary judgment. Because Reno agreed to indemnify Coyle for all losses under the parties' indemnity agreement with Travelers, and there is no genuine dispute

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 8, 23, 29.)

as to the validity or enforceability of the Coyle and Reno indemnity agreement, Coyle is entitled to judgment as a matter of law.

**BACKGROUND**

**A. Factual Record**

In August 2011, Coyle Residential and Reno Contracting, Inc., formed the Coyle/Reno joint venture. (Dkt. No. 56-3 at ¶ 2.) In December 2011, Coyle and Reno signed an Amended Restated Joint Venture Agreement for the parties' partnership.[2] (*Id*. at ¶ 3.) Six months later, Coyle/Reno entered into a $43 million contract with Riverview Capital Investments, LLC to construct a 271-unit apartment building in approximately 730 days (the "Riverview Project"). (*Id*. at ¶¶ 4-5.)

As security for the performance and payment obligations of Coyle/Reno, the contract required Coyle/Reno to furnish Riverview with a performance and payment bond. (*Id*. at ¶ 6.) Travelers agreed to issue the bond, but first required Reno, Coyle, and Patrick Coyle to individually sign a General Agreement of Indemnity ("GAI") in favor of Travelers (hereafter "Travelers's Indemnity Agreement"). (*Id*. at 45 (Ex. C, Indemnity Agreement).[3]) Coyle and Patrick Coyle in turn sought to protect themselves from any liability that may have arisen from work on the contract. (*Id*. at ¶ 9.) In response to Coyle's concern, Mathew Reno told Patrick Coyle that "he was willing to protect [Patrick Coyle] and Coyle Residential." *(Id*. at ¶ 10.) Reno then executed a Defense and Indemnity Agreement wherein Reno agreed to indemnity Coyle "from and against any and all liability, claims, judgments, demands and any other loss, damage or expense (including, without limitation, attorneys' fees) incurred by Indemnitees as a result of any action or proceeding brought against them under the terms of the GAI." *Id*. at 42 (Ex. B.)

Six months later, Travelers executed and delivered to Reno a Performance Bond for

---

[2] Although the Declaration of Patrick Coyle states that this agreement is attached, what is attached as Exhibit A is the June 1, 2013 Joint Venture Agreement of Coyle/Reno II. (Dkt. No. 56-3 at 7 (Ex. A).)

[3] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1 $42,929,763 for Riverview pursuant to Riverview and Coyle/Reno's construction project. (Dkt. No. 37 at 43 (Ex. 4); Dkt. No. 56-3 at ¶ 13.) According to Patrick Coyle, "[a]ll discussions with Travelers regarding these bonds were handled by Reno, and neither I nor Coyle Residential actively participated in any bond discussions with Travelers." (Dkt. No. 56-3 at ¶ 14.)

On May 29, 2015, Riverview issued a "Further Notice of Default and Intent to Terminate the Contract" alleging that Coyle/Reno was in material default. (*Id*. at ¶ 16; Dkt. No. 56-3 at 52 (Ex. D).) A week later, Riverview issued a "Notice of Termination of the Contract" terminating Coyle/Reno's right to proceed under the bonded contract. (*Id*. at ¶ 17; Dkt. No. 56-3 at 59 (Ex. F).)

Several subcontractors filed suit in the Santa Clara County Superior Court after the Notice of Termination and these cases were consolidated into a single reference proceeding. (*Id*. at ¶¶ 18-19.) This action settled with respect to all but two subcontractors in October 2017. (*Id*. at ¶ 20.) Coyle Residential and Patrick Coyle were defended by Reno in the Santa Clara Superior Court proceedings. (*Id*. at ¶ 26.) Patrick Coyle executed the Riverview settlement agreement based upon Reno's representation that it would "provide a full defense and indemnity agreement relating to the Riverview Settlement and any and all claims relating to the Riverview Project on behalf of Coyle Residential and [him]self.". (*Id*. at ¶ 24; Dkt. No. 56-3 at 63 (Ex. F).)

After Travelers filed this case in May 2017, Patrick Coyle had several conversations with Matthew Reno and Andrew Kessler, Reno's counsel, wherein Mr. Coyle tendered the defense and indemnity of the Travelers' complaint to Reno on behalf of himself and Coyle Residential, Inc. (Id. at ¶ 22.) While Mr. Coyle received verbal assurances that Reno would honor the Defense and Indemnity Agreement, "they have never done so in writing and have failed to defend [him] personally or Coyle Residential in this case." (*Id*. at ¶ 22.) On May 8, 2018, Matt Reno confirmed to Patrick Coyle that "we'll continue to defend you," but neither Reno nor Andrew Kessler have responded to Mr. Coyle's June 4, 2018 demand for defense and indemnity. (Dkt. No. 56-3 at 74-76 (Exs. I-J.) To date, Coyle has incurred $23,338 in legal fees and costs defending itself in this action. (Dkt. No. 56-3 at ¶ 34.)

**B. Procedural Background**

Travelers filed this civil action in May of 2017 while the Riverview Litigation was still pending in the Santa Clara Superior Court. Travelers pled five claims for relief: (1) breach of contract; (2) specific performance; (3) promissory estoppel; (4) injunctive relief/Quia Timet; and (5) declaratory relief. (Dkt. No. 1.) The Coyle/Reno, Matthew Reno, and Reno Defendants answered (Dkt. No. 12) and the Patrick Coyle and Coyle Residential Defendants answered and cross-claimed against the Reno Defendants for express indemnity, apportionment, and declaratory judgment. (Dkt. No. 20). The parties appeared for a Case Management Conference in April 2018 and reported the case was close to settlement. (Dkt. No. 34.) Then, a little over a month later, Travelers filed a motion for summary judgment on the breach of contract claim seeking to recover the $6,654,918.89 in losses it incurred under the parties' indemnity agreements as well as its attorney's fees and costs which the Court granted. (Dkt. No. 47.) Coyle then sought permission to bring a late motion for summary judgment against Reno which the Court granted because Reno did not identify any prejudice should the Court entertain the late motion. (Dkt. No. 54.) Coyle filed the motion two weeks later and Reno has not filed an opposition. (Dkt. Nos. 56 & 57.)

**DISCUSSION**

Coyle contends that it is entitled to summary judgment because there is no dispute that (1) the Defense and Indemnity Agreement requires Reno to defend and indemnify Coyle for all claims and losses incurred as a result of claims brought under the terms of the Travelers's Indemnity Agreement, or (2) that Reno has failed to defend or indemnify Coyle with respect to Traveler's claims in this action. Reno has not opposed the motion.

**A. Legal Framework Governing Indemnity Agreements**

An express indemnity agreement "is construed under the same rules as govern the interpretation of other contracts. Effect is to be given to the parties' mutual intent [ ], as ascertained from the contract's language if it is clear and explicit." *Crawford v. Weather Shield Mfg. Inc*., 44 Cal. 4th 541, 552 (2008). "[T]he parties have great freedom to allocate [ ] responsibilities [under an indemnity agreement] as they see fit." *Id*. at 551. Further, the contract's

4

words are to be understood in their ordinary and popular sense. *Id*. at 552. The presumption is that "a contractual indemnitor has the obligation, upon proper tender by the indemnitee, to accept and assume the indemnitee's active defense against claims encompassed by the indemnity provision" absent a provision in the agreement to the contrary. *Id*. at 555. This duty arises immediately upon tender and does not depend on the outcome of the litigation. *Id*. at 558.

### B. Coyle/Reno's Indemnity Agreement

The Defense and Indemnity Agreement here provides that Reno will:

> defend, indemnify and hold harmless Coyle Residential, Inc. and Patrick M. Coyle, and their respective agents, employees and representatives ("Indemnitees") from and against any and all liability, claims, judgments, demands and any other loss, damage or expense (including, without limitation, attorneys' fees) incurred by Indemnitees as a result of any action or proceeding brought against them under the terms of the GAI. At its sole expense Reno shall defend any actions or proceeding brought against Indemnitees under the terms of the GAI with counsel acceptable to Indemnitees, and Indemnitees hereby confirm that the firm of Procopio, Cory, Hargreaves & Savich, LLP shall be acceptable to provide such a defense.

(*Id*. at 42 (Ex. B.) Travelers filed this civil action seeking to enforce the terms of the GAI (the Travelers's Indemnity Agreement) Coyle and Reno had executed in Traveler's favor prior to issuance of the performance bond. This lawsuit thus triggered Reno's obligation to defend and indemnify Coyle under the Defense and Indemnity Agreement. Patrick Coyle attests that he has repeatedly tendered the defense and indemnification of this lawsuit to Reno on his own behalf and on behalf of Coyle Residential, but Reno has not responded and has not taken on the defense of this action. (Dkt. No. 56-3 at ¶¶ 29-33.) Reno has not disputed the validity or enforceability of the agreement, Coyle's tender of its defense under the agreement, or raised any defense to Coyle's claim for indemnity. Reno is thus in breach of the parties' express indemnity agreement. Indeed, at oral argument, Reno stated that it does not contest its duty to indemnify Coyle.

Coyle's motion for summary judgment on the express indemnity and declaratory judgment claims is therefore granted. Because the apportionment claim was pled in the alternative it is dismissed as moot. Reno must indemnity Coyle for its costs of defense in this action ($22,338) as it is undisputed that Coyle incurred that amount in defense of this action. Reno must also

indemnify Coyle for any judgment Traveler's seeks to collect from Coyle pursuant to the Court's Order granting summary judgment in Traveler's favor.[4]

## CONCLUSION

For the reasons stated above, Coyle's motion for summary judgment is GRANTED. Reno shall indemnify Coyle for the costs of its defense in this matter and shall indemnify Coyle for whatever judgment Traveler's seeks to recover from Coyle as a result of this action.

The parties shall meet and confer and file a proposed form of judgment by September 20, 2018.

**IT IS SO ORDERED.**

Dated: September 14, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[4] The Court found that Reno and Coyle were joint and severally liable for the $6,654,918.90 in loss Travelers incurred under the Travelers's Indemnity Agreement (GAI) plus Traveler's $604,835.10 in attorney's fees and costs. (Dkt. No. 47.)